IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  |
|---|---|---|
| KIRBY GARDNER, | § | |
| TDCJ-CID NO.1003719, | § | |
| HC SPN587445, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-12-1612 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

ORDER TO REINSTATE &
OPINION ON DISMISSAL

On May 24, 2012, while released on parole to the general community, plaintiff Kirby Gardner filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking injunctive relief related to the imposition of sex offender conditions as a condition of release to parole, *i.e.*, that he register as a sex offender under the Sex Offender Registration Act (SORA), attend weekly sex classes, and submit to a polygraph examination every six months. (Docket Entry No.1). Plaintiff also sought a preliminary junction directing defendants to remove his photograph and personal information from the state sex registration website. (*Id.*).

Defendants, *i.e.,* the City of Houston, the City of Houston Police Chief Charles McClelland, and Mayor Annise Parker ("the City defendants") filed a motion to dismiss (Docket Entry No.13), to which plaintiff filed a response. (Docket Entry No.18). Plaintiff also filed an Emergency Motion for a Preliminary Injunction, which incorporated his original complaint. (Docket Entry No.22). Defendant Rissie Owens and the City defendants, respectively, filed a response to the motion. (Docket Entries No.26, No.27).

On December 12, 2012, after plaintiff's mail was returned as undeliverable, the Court dismissed this action without prejudice for want of prosecution. (Docket Entry No.29). Plaintiff has since filed three motions seeking reinstatement of this civil action, which the Court

1

construes as a Motion for Relief from a Judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entries No.37, No.47, No.48). Defendant Rissie Owens has filed a response in opposition to reinstatement. (Docket Entry No.42).

For the reasons to follow, the Court will grant plaintiff's motion to reinstate, vacate the Order of Dismissal entered on December 12, 2012, and reinstate this case to the Court's active docket. The Court will also deny plaintiff's motion for injunctive relief, grant defendants' motion to dismiss, deny plaintiff's pending motions, and dismiss this case with prejudice.

ORDER TO REINSTATE

Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. PROC. 60(b).

In its Order of Dismissal entered December 12, 2012, the Court noted that public records indicated that plaintiff had been released to parole on November 30, 2012. (Docket Entry No.29). On December 14, 2012, two weeks after his release from the Harris County Jail, plaintiff filed a Motion for Discovery dated December 6, 2012, in which he listed his new address. (Docket Entry No.30). On December 20, 2012, the Court re-noticed plaintiff on the Order of Dismissal. (Docket Entry No.31). On December 26, 2012, plaintiff filed three motions and submitted a letter to the Court. (Docket Entries No.32, No.33, No.34, No.35). He submitted another letter the next day. (Docket Entry No.27). On January 4, 2013, plaintiff filed a motion dated December 27, 2012, seeking reinstatement of the case. (Docket Entry No.37). Plaintiff

2

indicated that he had been transferred on November 30, 2012, from the Harris County Jail to the East Texas Multi-Use Facility in Henderson, Texas, a private treatment facility for parole offenders, where he is currently confined. (*Id.*). In a later-filed motion for re-instatement, plaintiff explained the difficulty in corresponding with the Court while in the Harris County Jail and in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") because of limitations on indigent supplies. (Docket Entry No.47).

Defendants Owens argues that the Court should deny plaintiff's motion to reinstate even though he has now updated his address because such action does not absolve him from his obligation to do so in a timely manner. (Docket Entry No.42).

The Court finds that such circumstances warrant reinstatement. Accordingly, the Court GRANTS plaintiff's Rule 60(b) Motion to Reinstate. (Docket Entry No.37). The Order of Dismissal entered on December 12, 2012, is VACATED and this case is returned to the Court's active docket. Plaintiff's other motions to reinstate (Docket Entries No.47, No.48) are DENIED AS MOOT.

OPINION ON DISMISSAL

1. Background and Claims

In 1973, plaintiff was convicted of rape in Illinois; he discharged the sentence from that conviction in 1982. (Docket Entry No.1). The State of Illinois did not require plaintiff to register as a sex offender. (*Id.*, Exhibit C). On June 6, 2000, plaintiff was convicted of possession of cocaine in cause number 831335 in the 185th Criminal District Court of Harris County, Texas, for which he was sentenced to twenty years confinement in TDCJ-CID. (Docket Entry No.1). On January 19, 2010, he was released to parole. (*Id.*). In February 2010, the City of Houston Police Department ("HPD") registered plaintiff as a sex offender. (Docket Entry

3

No.18, page 3). Thereafter, HPD posted his photograph and personal information on its sex offender website. (Docket Entry No.1). On May 25, 2010, the Texas Board of Pardons and Paroles ("the Parole Board") added new conditions to his release on parole based upon his 1973 Illinois rape conviction. (*Id.*). These conditions include sex offender registration, attendance at sex offender classes, and polygraph examinations every six months. (*Id.*).

Plaintiff reports that his parole was revoked from September 9, 2010, to March 30, 2011, and he was placed under revocation hearing status for forty-five days from August 28, 2011 to October 6, 2011, as a result of these new parole conditions. (*Id.*). At the time he filed this complaint, plaintiff expressed his fear that he would be arrested and his parole revoked again if he failed to comply with the sex offender parole conditions.[1]

In his Emergency Motion for Preliminary Injunction, plaintiff claims that the City of Houston has placed false information about him on the public sex offender website, requires him to carry a blue card identifying him as a sex offender, and has denied him any residential move without seven days advance notice. (Docket Entry No.22). Plaintiff also claims he has lost clothing, legal documents for this complaint, housing, and employment from his arrest and has suffered significant emotional disorder and stress with family relationships. (*Id.*). He seeks a preliminary injunction to remove his personal information from the sex offender website, and to cease any duty to register as a sex offender. (*Id.*).

Plaintiff claims in such motion that he was arrested on October 24, 2012, and confined in the Harris County Jail pending a hearing that he violated his parole conditions. (*Id.*). Plaintiff has not amended his complaint or his emergency motion for a preliminary injunction but his

---

[1] Plaintiff received a letter from an officer with the HPD Sex Offender Registration Unit dated May 8, 2012, attempting to verify his compliance with the SORA in accordance with state law. (Docket Entry No.1, Exhibit A). Plaintiff was notified that his failure to respond as requested may result in charges being filed against him. (*Id.*). Plaintiff claims that the officer's letter reflects a continuing threat of arrest and conviction by the HPD for his failure to comply with Article 62.056 of the Texas Code of Criminal Procedure. (Docket Entry No.1).

pending Motion for Discovery and Inspection of Evidence shows that a revocation hearing took place in November 2012. (Docket Entry No.30, page 1).

> Plaintiff seeks the following relief:
>
> Plaintiff request[s] relief by Motion for Preliminary Injunction against the Texas Board of Pardons & Paroles and the City of Houston Police Depardment [sic] and any other State of Texas law agency from further imposing sex registration duties, classes, and examinations, threats, and confinement upon the person of plaintiff. To remove plaintiff's photo and all data information from the sex registration web site immediately pending these litigations per stated law under the U.S. Constitution.

(Docket Entry No.1, page 6). In his Emergency Motion for Preliminary Injunction, plaintiff seeks a preliminary injunction to restore his parole from his drug conviction without the sex offender requirements, to remove his personal information from the sex offender website, and to cease any duty to register as a sex offender. (Docket Entry No.22). In a separate motion, plaintiff seeks joinder of Therapist Raymond Johnson, Jr., and Parole Officer Trent Sherman in connection with alleged deficiencies in the 2012 parole revocation proceedings. (Docket Entry No.32).

The City defendants move to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No.13).

## II. Discussion

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In this case, plaintiff's pleadings fail to show that he has suffered the violation of any constitutional right.

<u>A. 28 U.S.C. § 1915A</u>

Plaintiff contends that he has a liberty interest in avoiding parole revocation based on Article 62.052(a)(b) of the Texas Code of Criminal Procedure, which gives rise to protections under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and which exempts him from compliance with SORA and its registration requirement. (Docket Entry No.1 and Exhibit B). He claims that although he has been convicted of a sex offense, "the imposition of registration and treatment in this case affects a substantial right because it compels a serious deprivation of liberty and creates stigmatizing consequences to the enjoyment of life." (*Id.*). Plaintiff further claims the imposition of parole conditions on May 26, 2010 was a "dramatic departure" from the conditions imposed from his drug conviction. (*Id.*). For these reasons, plaintiff contends that the Texas Board of Pardons and Paroles lacks jurisdiction to impose conditions based on his out-of-state conviction. (*Id.*).

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law

6

if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

Chapter 62 of the Texas Code of Criminal Procedure defines the scope of Texas's sex offender registration program and delineates the legal duties of those who administer it and those subject to its requirements. Under Chapter 62, a person is required as a condition of parole to register "with the local law enforcement authority in any municipality where he resides or intends to reside for more than seven days" if he has a "reportable conviction or adjudication." TEX. CODE CRIM. PROC. art. 62.051(a) (Vernon 2008). A "reportable conviction or adjudication" is a conviction or adjudication for specifically identified Texas sex offenses or offenses containing a sexual component. *Id*., art. 62.001(5). A reportable conviction or adjudication includes a "violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of [an enumerated Texas offense], but not if the violation results in deferred adjudication." *Id*., art. 62.001(5)(H). The Texas Department of Public Safety ("TDPS") is responsible for determining whether an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice

7

contains elements that are substantially similar to the elements of an offense under the laws of this state. *Id*., art. 62.001(1), art. 62.003.

In this case, plaintiff has an out-of-state sex conviction that the TDPS has determined to be a reportable conviction, which subjects plaintiff to the requirements of Chapter 62.[2] Plaintiff does not indicate whether he has appealed this determination to the TDPS, but he does not contend that his Illinois rape conviction is not a reportable conviction under Texas law, *i.e.*, that the elements of the offense for which he was convicted in Illinois are not substantially similar to the elements of an offense under the Texas Penal Code. *See* TEX. CODE CRIM. PROC. ANN., art. 62.003 (Vernon 2006).

Article 62.052, the statute that plaintiff claims creates a liberty interest, addresses the requirements of extrajurisdictional registrants.[3] An extrajurisdictional registrant in Texas is defined, in pertinent part, as a person who is required to register under the laws of another state that the TDPS has entered into a reciprocal registration agreement or who is not otherwise required to register because he does not have a reportable conviction for an offense under the laws of another state containing elements that are substantially similar to the elements of an

---

[2] At a Rule 26(f) planning meeting, which plaintiff attended, the City defendants noted that TDPS be added as a party because it made the decision classifying plaintiff as a sex offender. (Docket Entry No.15, page 3). Plaintiff has not requested joinder of the TDPS nor filed an amended complaint.

[3] Article 62.052 provides as follows:

> (a) An extrajurisdictional registrant is required to comply with the annual verification requirements of Article 62.058 in the same manner as a person who is required to verify registration on the basis of a reportable conviction or adjudication.
>
> (b) The duty to register for an extrajurisdictional registrant expires on the date the person's duty to register would expire under the laws of the other state or foreign country had the person remained in that state or foreign country, under federal law, or under the Uniform Code of Military Justice, as applicable.
>
> (c) The department may negotiate and enter into a reciprocal registration agreement with any other state to prevent residents of this state and residents of the other state from frustrating the public purpose of the registration of sex offenders by moving from one state to the other.

TEX. CODE CRIM. PROC. ANN. Art. 62.052 (Vernon 2006).

offense requiring registration under Chapter 62. *Id.* art. 62.001(10). Plaintiff is not an extrajurisdictional registrant as defined by Chapter 62. Although he is not required to register as a sex offender in Illinois, he does not challenge in this case the determination that his out-of-state rape conviction is a reportable conviction under Texas law. Therefore he is subject to the sex-offender requirements of Chapter 62 of the Texas Code of Criminal Procedure.

As a convicted sex offender, plaintiff has no liberty interest in freedom from sex offender classifications and conditions. "[P]risoners who have not been convicted of a sex offense have a liberty interest created by the Due Process Clause in freedom from sex offender classification and conditions." *Coleman v. Dretke*, 395 F.3d 216, 222 (5th Cir. 2004). Recent Fifth Circuit opinions, however, make clear that, when an individual is convicted of a sex offense, sex offender conditions of release may be imposed without implication of a due process right. *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010); *Jennings v. Owens*, 602 F.3d 652 (5th Cir. 2010).

Likewise, plaintiff does not have a Fifth Amendment liberty interest because the Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

Moreover, plaintiff fails to state an equal protection claim. Plaintiff has not shown that sex offenders are a suspect class or that he has been denied a fundamental right. In addition, subjecting such offenders to different parole procedures is reasonably related to a legitimate penological interest. *See Breshears v. Garrett*, No. 05–50064, 143 Fed. App'x 570, 572 (5th Cir. 2005) (unpublished) (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998); *Finley v. Staton*, 542 F.2d 250 (5th Cir.1976)). Moreover, conclusory assertions are insufficient to state an equal protection claim. *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986).

In short, plaintiff's pleadings fail to state a cognizable claim against Rissie Owens or the Texas Board of Pardons and Paroles with respect to the imposition of SORA requirements as a condition of his parole under § 1983.

### B. Federal Rule of Civil Procedure 12(b)(6)

Plaintiff complains that the HPD required him to register as a sex offender and posted on its sex offender website plaintiff's picture and personal data, with updates every ninety days. (Docket Entry No.1, page 3). He also complains that the HPD placed him under a threat of arrest for his failure to comply with the SORA conditions attached to his parole release. (*Id.*, page 4). Plaintiff claims that the HPD has placed false information about him on the public sex offender website, requires him to carry a blue card identifying him as a sex offender, and has denied him any residential move without seven days advance notice. (Docket Entry No.22). He also claims he has lost clothing, legal documents for this complaint, housing, and employment from his arrest and has suffered significant emotional disorder and stress with family relationships. (*Id.*).

The City defendants move for dismissal of plaintiff's claims against Mayor Annise Parker and Police Chief Charles McClelland, Jr., in their individual and official capacities for failure to state a claim, and his claims against the City of Houston because the City is immune for its actions under the SORA. (Docket Entry No.27).

Rule 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to

relief that is "plausible" on its face. *Id.* at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Plaintiff does not allege that defendants Annise Parker or Clarence McClelland were personally involved in the enforcement of the SORA requirements or that they were causally connected to any constitutional violation that would subject them to liability under 42 U.S.C. § 1983. Therefore, he fails to state a claim against them in their individual capacity. *See Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

Likewise, plaintiff's claims against Mayor Parker and Chief McClelland in their official capacity are subject to dismissal because they are simply another way of pleading against the City of Houston. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

With respect to plaintiff's claims against the City of Houston, municipal liability under section 1983 requires "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). These three requirements for municipal liability under section 1983 serve to distinguish the actions of government employees from those of the government itself. *Id.* Section 1983 does not permit municipal liability asserted under the doctrine of *respondeat superior*. *Id.* quoting *Bd. Of Com'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Isolated unconstitutional acts

by municipal employees will almost never trigger liability" under section 1983. *Id.* quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984). Additionally, the policy or custom must be the "moving force" behind the alleged constitutional violation. *Id.* at 580.

In this case, plaintiff states no municipal policy that would give rise to a claim under 42 U.S.C. § 1983. Moreover, a local law enforcement authority as well as employees and officers of a community supervision and corrections department are immune from liability for good faith conduct under SORA. TEX. CODE CRIM. PROC. Ann., art. 62.008 (Vernon 2006). A local law enforcement authority, like the HPD, is also immune from damages for conduct related to the release of public information of a person required to register under SORA only if the information is public information under the SORA. *Id.* art. 62.009. Plaintiff makes no allegation that the information released by the City of Houston was not public information.

In his response to defendants' motion to dismiss, plaintiff claims that the HPD acted independently of the Texas Board of Pardons and Paroles by registering him in February 2010, three months before the Parole Board imposed the sex offender registration requirements. (Docket Entry No.18, page 3). He complains that the HPD cannot produce documents that they were ordered by TDPS to register plaintiff as a sex offender. (*Id.*). State law, however, requires plaintiff to register regardless of whether the Parole Board placed such requirements as a condition of his parole. *See* TEX. CODE CRIM. PROC. ANN. 62.052 (Vernon 2006).

Plaintiff's allegations that the City of Houston has installed false information on its public sex offender website is also conclusory, and therefore, insufficient to state a claim.

His allegations that the HPD has required that he carry a personal identification card on his person at all times and denied him any residential move without seven days advance notice are also without merit. State law, and not the City of Houston, requires plaintiff to comply with such provisions. *See* TEX. CODE CRIM. PROC. ANN., art. 62.055 (Vernon 2006) (change of

address requirements); TEX. CODE CRIM. PROC. ANN., art. 62.060 (Vernon 2006) (requirements related to driver's license or personal identification certificate). The HPD is the local law enforcement authority, charged with authority to enforce state law.

As previously noted, the Texas SORA requires as a condition of parole that a convicted sex offender register "with the local law enforcement authority in any municipality where he resides or intends to reside for more than seven days" if he has a "reportable conviction or adjudication." TEX. CODE CRIM. PROC. art. 62.051(a) (Vernon 2008). The TDPS determines which local law enforcement agency serves as the offender's primary registration authority. *Id.* art. 62.004. Plaintiff does not dispute that the Office of the Chief Charles McClelland of the HPD is a "local law enforcement authority" as defined by state law. *Id.* at 62.001(2).

The registration process involves completion of a registration form, provided by the TDPS, which includes a substantial amount of personal information about the offender such as name, alias(es), date of birth, sex, race, height, weight, eye color, hair color, social security number, driver's license number, shoe size, and home address. *Id.* art. 62.051(c)(1). The registration form also requires a recent color photograph or digital image of the offender and a complete set of fingerprints; the type of offense the offender was convicted of, the age of the victim, the date of the conviction, and the punishment the offender received; whether the offender was discharged, paroled, or released on juvenile probation, community supervision, or mandatory supervision; a list of each license the offender holds to practice or engage in a particular business, occupation, or profession; whether the person is employed or is a student and the name of each employer or institution of higher learning; and any other information required by the TDPS. *Id.* art. 62.051(c)(2)-(7). A person subject to SORA must apply to the TDPS for an original or renewable driver's license or personal identification certificate and annually renew

the same until his duty to register expires. *Id*. art. 62.060. *See also* TEX. TRANSP. CODE ANN., §§ 521.103, 521.101 (Vernon 2007).

After initial registration and verification process, an offender must, among other things, (1) report in person periodically to verify the registration information, (2) report in person a change of address or lack of address, and (3) complete, sign, and return any nonforwardable verification form sent to the offender's last reported address. The local law enforcement authority designated as the person's primary registration authority by TDPS "may direct the person to report to that authority to verify the information in the registration form maintained by the authority for that person." *Id.* art. 62.058(b). The authority is mandated to require the person to produce proof of his identity and residence before the authority gives the registration form to the person for verification. *Id.* art. 62.058(b). If an offender fails to comply with any requirement of Chapter 62, the offender may be charged with a felony. *Id.* art. 62.102.

Plaintiff does not dispute that he was residing in the City of Houston or that the HPD was his primary registration authority; nor does plaintiff dispute that he was not in compliance with the Texas SORA registration laws or that he faced the possibility of arrest for failure to comply with such laws. Plaintiff's pleadings, therefore, fail to give rise to a cognizable claim against the City defendants and are subject to dismissal.

### C. Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure governs the granting of preliminary injunctions and temporary restraining orders. To obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *See Planned Parenthood of Houston and*

*Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *See Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). Because it is an extraordinary remedy, a preliminary injunction may only be granted if the plaintiff has "'clearly carried the burden of persuasion' on all four requirements." *Planned Parenthood*, 403 F.3d at 329 (citation and quotation omitted).

In order to obtain a permanent injunction, plaintiff must establish: (1) actual success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to him outweighs the threatened injury to defendants; and (4) that the injunction does not harm the public interest. *See Harris County, Texas v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999). The failure to establish any one of these factors if fatal to a claim for injunctive relief. *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989).

Plaintiff's pleadings do not show a substantial likelihood of success on the merits; therefore, he is not entitled to either preliminary or permanent injunctive relief.

### D. Joinder

Plaintiff seeks joinder of Therapist Raymond Johnson, Jr. and Parole Officer Trent Sherman on grounds related to the revocation of his parole in 2012. (Docket Entry No.32). Plaintiff did not assert claims regarding the revocation of his parole in his original complaint and has not filed an amended or supplemental complaint with respect to the same. He states no facts to show that either Johnson or Sherman are necessary parties to the complaint before the Court. *See* FED. R. CIV. PROC. 19(a). Therefore, the Court will deny his request for joinder.

To the extent that plaintiff seeks to amend or supplement his complaint by this Motion for Joinder of Parties with Notice of Relief (Docket Entry No.32), the Court notes that by

such motion, plaintiff seeks to add new claims and parties regarding the actual 2012 revocation proceedings, which occurred after he filed the original complaint. (*Id.*). Therefore, such action is properly construed as a motion to supplement under Rule 15(d) of the Federal Rules of Civil Procedure. By its plain language, Rule 15(d) permits a party to plead "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d).

In the Motion for Joinder, plaintiff seeks to amend his complaint to include actual and punitive damages from each named defendant. (Docket Entry No.32, pages 5-6). He also seeks an injunction (1) forbidding the City of Houston and Rissie Owens from imposing the requirements of Chapter 62 of the Texas Code of Criminal Procedure on him; (2) ordering that plaintiff be restored to the drug conviction and sentence parole case-load; and (3) ordering that plaintiff be granted an annual reporting schedule with permission to travel out-of-state. (*Id.*, page 5).

Plaintiff filed the Motion for Joinder after the City defendants filed their motion to dismiss. Granting plaintiff leave to file this supplemental complaint would delay disposition of the claims against the present defendants, thereby causing them prejudice. Therefore, to the extent that plaintiff's pleading is a supplemental complaint, the Court will deny him leave to file the same. To the extent that plaintiff complains that his due process rights were violated during the 2012 revocation process, his remedy is to file another civil rights suit under 42 U.S.C. § 1983.

### III. Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's Motion for Joinder of Parties or to Supplement his Complaint (Docket Entry No.32) is DENIED.

2. Plaintiff's motions for service of process, discovery and admissions (Docket Entries No.30, No.33, No.34, No.46) are also DENIED.

3. The Amended Motion to Dismiss filed by defendants the City of Houston, Annise Parker, and Charles McClelland (Docket Entry No.13) is GRANTED. All claims against these defendants are DISMISSED WITH PREJUDICE for failure to state a claim.

4. All claims against defendants the Texas Board of Pardons and Paroles and Rissie Owens are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

5. Plaintiff's requests for injunctive relief (Docket Entries No.1, No.22) are DENIED.

6. This civil rights action is DISMISSED WITH PREJUDICE.

7. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 6th day of August, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE